INHABITANTS OF WATERVILLE *versus* REUEL HOWARD, JR.

In a justice's court, an appeal can be taken only from such judgments as make a final disposition of the case in that court. It cannot be taken from any interlocutory order or judgment. It cannot be taken from a judgment of *respondeat ouster*, upon a demurrer to a plea in abatement.

THIS action was commenced before a justice of the peace, to recover the penalty for unlawfully selling intoxicating drinks, &c. Before the justice, there was a plea in abatement to his jurisdiction, to which plea the plaintiffs demurred. The justice rendered judgment that the defendant should answer over, and the defendant appealed. In the District Court, RICE, J., the appeal was dismissed, and the plaintiffs excepted.

*H. A. Smith,* for plaintiffs.

The R. S. chap. 116, § 9, gives the right of appeal to *any* person aggrieved by the judgment of the justice. The right is not restricted to certain kinds of judgments. The language is general and embraces all judgments.

Stat. 1821, chap. 76, § 10, allowed appeals when both parties had "appeared and plead," which would in terms embrace a case like this. The Legislature intended to enlarge the right and not to abridge it, by extending it to judgments on default, or when the parties had not "appeared and plead." Defendant might appeal even from default. *Holman* v. *Sigourney,* 11 Metc. 436.

Defendant could not have availed himself of his matter in abatement in the District Court in any other way than by appeal. By pleading to the merits he waives his matter in abatement.

Section 9 does not refer to such judgments only, as are named in sect. 7; because sect. 7 refers only to judgments against the defendant, and sect. 9 gives appeal to plaintiffs as well as defendants.

A judgment against plaintiffs in this case would abate their writ. Must they stop there, or could they appeal? But the law gives the right of appeal equally to both parties.

It was the *defendant* who carried the case into the District Court and claimed the right to have it tried there.

He cannot be allowed now to object to his own act.

*Stackpole*, for defendant.

WELLS, J. — The question presented in the present case is, whether the defendant could be allowed to appeal from the decision of the justice of the peace, upon a judgment of *respondeat ouster*. Chap. 116, § 9, R. S., allows to any party aggrieved by the judgment of the justice, an appeal to the District Court, " and the case shall be entered, tried and determined in the District Court, in like manner as if it had been commenced there."

If an appeal should be allowed from the judgment of *respondeat ouster*, it would be in the power of the defendant, in all cases to withdraw from the justice a trial of the merits of the action. For upon the decision, that the plea is insufficient, such judgment must always be rendered, and then upon an appeal and a like judgment in the District Court, the case would be open upon the merits in that court.

We do not think the Legislature intended to allow such a course of proceeding.

And by requiring the defendant to answer further before the justice, he is not deprived of any of his rights. After a final decision is had of the cause before the justice, the appeal will remove the whole case to the District Court, and the same questions may there be raised, as had been before him, and according to the statute, the case may be tried in the same manner as if it had been commenced in that court.

An appeal can be taken in all cases where the judgment of the justice is a final decision of the action, and not merely interlocutory. In the present case, if the judgment had been that the action should abate, no doubt the plaintiff might have appealed, because that would have been a final determination of the action.

The objection, to the trial of the cause in the District Court, is interposed by the defendant, who is the appealing party,

but a proceeding not in conformity to law, cannot be allowed, although occasioned by the party objecting to it. Courts are bound to rectify irregularities of practice, whenever they come to their knowledge.

Parties may waive objections, which they are at liberty to make, and cannot afterwards recall the waiver.

But the granting of an appeal is an act of the court, and if unauthorized by law, is altogether invalid. The error is not cured, because it was committed through the advice or solicitation of the defendant.            *Exceptions overruled.*